

FILED

2022 Aug-31  PM 01:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **NORMAN DAVID RAY FISCHER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | Civil Action Number |
| | ) | **5:22-cv-08016-AKK** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

The court sentenced Norman David Ray Fischer to 211 months in prison after he pleaded guilty to one count of possession with the intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of possession of a firearm despite a previous felony conviction in violation of 18 U.S.C. § 922(g)(1). Doc. 1 at 1; crim. doc. 19 at 1-2.[1] Fischer did not appeal his conviction or sentence. Now before the court is Fischer's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* doc. 1. Fischer's petition is due to be denied.

---

[1] Crim. doc. refers to the documents in Fischer's underlying criminal case, *United States v. Norman David Ray Fischer*, case no. 5:20-cr-00336-AKK-HNJ.

## I.

Section 2255 permits a federal prisoner to move the sentencing court "to vacate, set aside or correct [their] sentence" on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Generally, if a petitioner fails to raise an available challenge to a criminal conviction or sentence on direct appeal, he is procedurally barred from raising it in a subsequent § 2255 proceeding. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). A petitioner can avoid this procedural default bar if he can show either (1) cause for not raising the claim on direct appeal and actual prejudice, or (2) actual innocence of the crime. *Id*. at 1234-35. Claims of ineffective assistance of counsel are not subject to procedural default and need not be raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Ultimately, if it is clear from the motion and the relevant portions of the record that the petitioner is not entitled to § 2255 relief, the court may summarily dismiss the petition without ordering the United States to respond. *See* Rule 4, Rules Governing Section 2255 Proceedings (2019). *See also Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980)[2] (affirming district court's summary dismissal of § 2255 motion where record showed that petitioner was not entitled to relief).

---

[2] Fifth Circuit decisions issued before October 1, 1981, are binding precedent within the Eleventh Circuit. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

## II.

Fischer makes four different arguments for vacatur, all related to the allegedly deficient performance of his trial counsel. *See* doc. 1 at 4-10. To succeed on an ineffective assistance of counsel claim, a petitioner must show that "(1) 'counsel's representation fell below an objective standard of reasonableness' and (2) that such failure prejudiced him in that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Pease*, 240 F.3d 938, 941 (11th Cir. 2001) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)). If a petitioner fails to satisfy either prong, the court need not address both. *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013). Because conclusory allegations of ineffectiveness are insufficient, *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992), "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). The court addresses each of Fischer's contentions in turn.

## A.

Fischer's first purported basis for relief is that trial counsel "would not correspond with [his] state lawyer on [his] behalf [because she] said she was not allowed to speak with him." *Id*. at 4-5. Fischer does not identify why this alleged failure to consult with Fischer's state counsel was unreasonable or how it prejudiced

his defense.  This conclusory assertion is therefore unavailing.  *Wilson*, 962 F.2d at 998.

## B.

Fischer also contends that counsel failed "to argue for the law and on [his] behalf" at sentencing.  Doc. 1 at 6-7.  Specifically, Fischer claims that counsel advised him to plead guilty to all three counts when he instead "could have plead[ed] guilty an[d] got [his] [§] 922 [charge] dismissed and [received] a range of 120-141 [months]" instead of the 211-month sentence that Fischer ultimately received.  *Id*. However, Fischer does not claim that such a favorable plea deal was actually offered by the government, nor does he allege that counsel failed to communicate the terms of this or any other proposed plea deal.  And, importantly, a § 2255 petitioner "fails to establish he was prejudiced by counsel's [alleged] failure to negotiate a favorable plea agreement with nothing more than the bald assertion that such an agreement might have been possible."  *Pettus v. United States*, No. 2:17-CV-260-WKW, 2020 WL 4006759, at *6 (M.D. Ala. Mar. 9, 2020), report and recommendation adopted, No. 2:17-CV-260-WKW, 2020 WL 1914815 (M.D. Ala. Apr. 20, 2020), certificate of appealability denied, No. 20-12338-B, 2020 WL 5756020 (11th Cir. Aug. 26, 2020) (internal citation omitted).  Thus, Fischer's mere speculation that he could have received a more favorable plea and sentence, without more, does not entitle him to relief under § 2255.

## C.

Fischer also maintains that he "explained to [his] lawyer that the residence[] [where the charged drugs and guns were found] was not [his]" and that he "was there visiting[,] did not have [any] values there[,] did not live there[,] and there [were] four other people inside the residence." Doc. 1 at 7-8. To the extent Fischer is challenging the evidentiary sufficiency of the government's case against him, this argument is procedurally barred because he did not raise it on direct appeal. *Lynn*, 365 F.3d at 1234. Insofar as Fischer is alleging that counsel's performance was constitutionally deficient because she failed to adequately follow up on his purported explanation for his presence at the residence, Fischer's allegation is unavailing because he does not provide any other factual support for this claim or identify how such an alleged failure negatively affected his defense. *Brown*, 720 F.3d at 1326; *Wilson*, 962 F.2d at 998. And, to the extent that Fischer is claiming he is not guilty of the charged crimes, the court reminds Fischer that he acknowledged in open court that he was freely and voluntarily pleading to the charges because he was in fact guilty of the charged conduct.

## D.

Finally, Fischer contends that counsel provided ineffective assistance by allegedly contacting only one of the five witnesses Fischer identified that would speak on his behalf. Doc. 1 at 8-10. Again, however, Fischer has failed to provide

any factual content suggesting that this purported failure, even if it were unreasonable, prejudiced his defense. Moreover, Fischer acknowledges that counsel contacted at least one witness, and that counsel could have searched for or called additional witnesses does not amount to constitutionally deficient performance, especially under the presumption that counsel's conduct constituted "sound" strategy. *See Broadnax v. Comm'r, Ala. Dep't of Corr.*, 996 F.3d 1215, 1222 (11th Cir. 2021).

## III.

In closing, Fischer has not shown any probability that he was prejudiced by his counsel's performance, and he has therefore not asserted a valid claim for ineffective assistance of counsel. *See Strickland*, 466 U.S. at 694; *Brown*, 720 F.3d at 1326. Accordingly, Fischer's § 2255 petition, doc. 1, is due to be denied. The court will enter a separate order.

**DONE** the 31st day of August, 2022.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE